## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division



F I L E D

MAY 2 2 2012

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )     Case No. 1:11cr591 |
| | ) |
| AUGUSTO PONCE-RODRIGUEZ, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Defendant Augusto Ponce-Rodriguez pled guilty to one count of reentering the United States after being removed subsequent to a conviction for the commission of an aggravated felony, in violation of 8 U.S.C. §§ 1325(a) & 1326(b)(2). The central question presented at sentencing was whether defendant's prior state-court conviction for possession of between ten and fifty pounds of marijuana in violation of North Carolina General Statutes § 90-95(h), which North Carolina law labeled as "trafficking in marijuana," requires application of a sixteen-level enhancement under the Sentencing Guidelines for conviction of a "drug trafficking offense," notwithstanding that the state statute of conviction does not require proof of intent to manufacture, import, export, distribute, or dispense. *See* U.S.S.G. § 2L1.2(b)(1)(A). At sentencing, the sixteen-level enhancement under § 2L1.2(b)(1)(A) was not applied, over the government's objection, because defendant's conviction for possession of marijuana cannot be considered a "drug trafficking offense" under the Guidelines. This Memorandum Opinion reflects this ruling and elucidates the reasons supporting the conclusion that a conviction for possession of a controlled substance qualifies as a "drug trafficking offense" under § 2L1.2 only if defendant's intent to manufacture, import, export, distribute, or dispense was actually pled or proven as an element of the offense of conviction.

## I.

On December 22, 2011, a federal grand jury sitting in this district issued an indictment charging defendant with one count of illegal reentry of a removed alien subsequent to conviction for commission of an aggravated felony pursuant to 8 U.S.C. §§ 1326(a) & 1326(b)(2). Defendant was arraigned on January 6, 2012, at which time he entered a plea of not guilty and was remanded to the custody of the U.S. Marshals Service. On February 17, 2012, defendant appeared for a change of plea hearing and pled guilty without a written plea agreement to Count I of the Indictment. Sentencing was continued to May 4, 2012, and the Probation Officer was directed to prepare the Presentence Investigation Report ("PSR"). In preparing the PSR, the Probation Officer declined to apply a sixteen-level enhancement under § 2L1.2(b)(1)(A) on the ground that intent to manufacture, import, export, distribute, or dispense, without which an offense cannot be a "drug trafficking offense" under the Sentencing Guidelines, was not an element of defendant's state-court conviction for possession of between ten and fifty pounds of marijuana under North Carolina General Statutes § 90-95(h). The government timely objected to Probation Officer's decision to apply only an eight-level enhancement under § 2L1.2(b)(1)(C) in lieu of a sixteen-level enhancement under § 2L1.2(b)(1)(A). At sentencing, the government argued that the required intent should be presumed based on the large amount of marijuana possessed. *See United States v. Madera-Madera*, 333 F.3d 1228, 1233 (11th Cir. 2003) (concluding that "the federal definition of drug trafficking in the Guidelines is satisfied by Georgia's drug trafficking offense which punishes possession of a significant, designated quantity of drugs" even if the offense does not require proof of intent to manufacture, import, export, distribute, or dispense).

The matter was fully briefed and argued prior to the imposition of sentence.[1]  For the reasons stated from the bench and further elucidated in this Memorandum Opinion, the government's objection was overruled.

## II.

Analysis properly begins with the text of the Sentencing Guideline at issue.  Section 2L1.2(b)(1)(A) provides, in pertinent part:

> If the defendant previously was deported, or unlawfully remained in the United States, after . . . a conviction for a felony that is [] a drug trafficking offense for which the sentence imposed exceeded 13 months . . . increase by 16 levels[.]

Alternatively, if the defendant was not convicted for a "drug trafficking offense" carrying a sentence of over thirteen months, but was nonetheless convicted for an "aggravated felony," § 2L1.2(b)(1)(C) requires application of an eight-level enhancement rather than a sixteen-level enhancement.  The parties agree that defendant was convicted of an "aggravated felony" and therefore agree that § 2L1.2 requires application of an enhancement of at least eight levels.  The parties also agree that a conviction's qualification as a "drug trafficking offense" for purposes of the sixteen-level enhancement depends on how the Guidelines, and not the statute of conviction, categorizes the offense.  In dispute is whether the greater sixteen-level enhancement for conviction for a "drug trafficking offense" should be applied instead.  Thus, the question whether to apply a sixteen-level enhancement or an eight-level enhancement turns on whether defendant was convicted for a "drug trafficking offense" for which a sentence of greater than thirteen months was imposed.

---

[1] At sentencing, the PSR's calculated Guideline range of fifteen to twenty-one months imprisonment, based on a total offense level of 13 and a criminal history category II, was accepted, and defendant was sentenced to eighteen months imprisonment.

Resolution of this question requires a precise understanding of what constitutes a "drug trafficking offense," which the Commentary for § 2L1.2 defines as follows:

> an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance (or a counterfeit substance) *or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.*

U.S.S.G. § 2L1.2, Application Note 1(B)(iv) (emphasis added). In an unpublished decision, one Fourth Circuit panel construed this definition as including a conviction "of some offense (but not any particular offense) under a statute" prohibiting drug trafficking as defined in the § 2L1.2 Commentary. *United States v. Alvarez-Granados*, 228 F. App'x 350, 353 (4th Cir. 2007) (per curiam). Put another way, under the reading adopted in *Alvarez-Granados*, qualification as a "drug trafficking offense" turns on whether the general *statute* of conviction prohibits some conduct that would be considered drug trafficking under the Guidelines, not whether the particular *offense* of conviction actually required proof of drug-trafficking conduct per the Guidelines' definition. *Id.* Two years later, this time in a published decision, the Fourth Circuit rejected this reading of the Guidelines' "drug trafficking offense" definition, concluding that "if a statute prohibits several offenses, some of which constitute drug trafficking [under the Guidelines] and others which do not, the defendant must have been convicted of an offense that *specifically* involves drug trafficking" in order to receive the sixteen-level enhancement under § 2L1.2(b)(1)(A). *United States v. Maroquin-Bran*, 587 F.3d 214, 217 (4th Cir. 2009) (emphasis added). In other words, "[t]he predicate conviction *must itself* be a drug trafficking offense" in order for the sixteen-level enhancement to apply. *Id.* (emphasis added). This conclusion reflects the common-sense notion that "[a] *drug-trafficking* enhancement should, of course, enhance the sentences of *drug traffickers*—and not others." *Maroquin-Bran*, 587 F.3d at 217 (emphasis in original). Indeed, a contrary conclusion "could yield an absurd and unjust result: a check forger

convicted under an omnibus law that also prohibited drug sales would qualify for this enhancement." *Id.* The Fourth Circuit's decision in *Maroquin-Bran* therefore overruled the holding reached in *Alvarez-Granados* that "the proper predicate for the sixteen-level enhancement is . . . merely a prior conviction under a law that *inter alia* prohibits drug trafficking." *Id.*

The import of the Fourth Circuit's conclusion in *Maroquin-Bran* is clear: An offense of conviction constitutes a "drug trafficking offense" under § 2L1.2 if, and only if, the offense actually required proof of either (i) "the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance (or a counterfeit substance)" or (ii) "the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 2L1.2, Application Note 1(B)(iv). In light of the categorical and modified-categorical approaches set forth in *Taylor v. United States*[2] and *Shepherd v. United States*[3], whether a particular offense is a "drug trafficking offense" turns on whether the necessary elements of the statute of conviction that were actually proven would satisfy the Guidelines' definition of "drug trafficking offense." Given this, the Guidelines make clear that conviction for possession of a controlled substance that did *not* involve or require proof of intent to manufacture, import, export, distribute, or dispense cannot qualify as a "drug trafficking offense," irrespective of whether the statute of conviction also happens to proscribe conduct that *would* constitute a "drug trafficking offense."

In this case, application of either the categorical or the modified-categorical approach compels the conclusion that defendant cannot be said to have been convicted of a "drug

---

[2] 495 U.S. 575 (1990).

[3] 544 U.S. 13 (2005).

trafficking offense" receiving a sentence of greater than thirteen months under § 2L1.2. At the threshold, the record indicates that only one of defendant's prior convictions involved punishment greater than thirteen months, namely, defendant's conviction under North Carolina General Statutes § 90-95(h)(1)(a) for possession of greater than ten pounds but less than fifty pounds of marijuana.[4] But this conviction for possession of marijuana cannot constitute a "drug trafficking offense" as it did not involve demonstration of intent to manufacture, export, export, distribute, or dispense as necessary for a possession offense to constitute a "drug trafficking offense." Nor does the record indicate that defendant's possession of between ten and fifty pounds of marijuana was with any such intent.[5] Thus, it cannot be said that defendant was convicted of a "drug trafficking offense" receiving a sentence of greater than thirteen months as necessary to trigger the sixteen-level enhancement.

The government's argument that the required intent can be *inferred* as an element of the § 90-95(h) offense, notwithstanding that defendant's intent was neither pled nor proven as an element of that offense, is contrary to controlling precedent of this circuit. The procedure that the Fourth Circuit set forth in *Maroquin-Bran* to determine whether an offense qualifies as a "drug trafficking offense" requires comparison of the elements of the offense of conviction that were actually pled or proven to the elements sufficient to constitute a "drug trafficking offense" under the Guidelines. To permit an inference of the presence of an element that was not actually

---

[4] Although defendant was also convicted of possession of a controlled substance with intent to sell or deliver and for manufacture of a controlled substance, the record does not indicate that defendant received a sentence of greater than thirty months for either offense. Indeed, under North Carolina's mandatory-guideline scheme, the maximum punishment for either offense for a person of defendant's then- criminal history level would have been eight months.

[5] Defendant's then-concurrent convictions for possession with intent to sell or deliver and for manufacture under § 90-95(a) cannot supply the requisite intent to make the conviction under § 90-95(h) a "drug trafficking offense" as the record does not indicate whether the offenses arose from the same operative facts and from the same conduct.

pled or proven—as the Eleventh Circuit did in *United States v. Madera-Madera*[6] and as the government asks be done here—would violate the *Maroquin-Bran* procedure by triggering the sixteen-level enhancement based on factors "beyond the elements of the statute." *United States v. Lopez-Salas*, 513 F.3d 174, 179 (5th Cir. 2008) (per curiam). Although the government's proposed "bulk theory of intent" allowing an inference of intent based on a particular statutory scheme's treatment of possession of large drug quantities has some intuitive appeal, "it does not comport with the requirement that, for purposes of federal sentencing law, criminal intent to distribute must be proven and not merely implied." *Id.* (quoting *United States v. Montanez*, 442 F.3d 485, 492 (6th Cir. 2006)).

Moreover, the government's argument that intent can be inferred based on the quantity of marijuana possessed is contrary to the persuasive decisions of other circuits that have considered, and ultimately rejected, this argument. In *United States v. Lopez-Salas*, for example, the Fifth Circuit considered the question "whether a state's presumption of intent can create a drug trafficking offense under the Guidelines" with respect to the same state statute at issue in this case. 513 F.3d at 179. Rejecting the government's argument in that case that the "conviction constitutes a drug trafficking offense because North Carolina presumes that anyone convicted for transporting marijuana under N.C. GEN.STAT. § 90-95(h) intends to distribute the drugs to others," the Fifth Circuit held that the Guidelines "require that a state prove an intent to manufacture, import, export, distribute, or dispense." *Id.* at 178, 180. In reaching this conclusion, the Fifth Circuit observed that "[s]entencing enhancements are defined by federal, not state, law," and that "incongruous results do not justify a departure from the ordinary standard of review" under the *Taylor / Shepherd* approach. *Id.* at 180–81. Moreover, the Fifth

---

[6] 333 F.3d 1228 (11th Cir. 2003).

Circuit noted decisions of the Sixth, Ninth, and Tenth Circuits that had reached similar results. *See id.* at 179 (citing *United States v. Villa-Lara,* 451 F.3d 963, 965 (9th Cir. 2006)); *id.* at 179–80 (stressing that "implications from the statutory structure cannot trump the clear and explicit elements of the offense") (quoting *Montanez,* 442 F.3d at 493) (internal quotation marks and brackets omitted); *id.* at 180 (emphasizing that the "drug trafficking offense" definition "confines [its] inquiry to the terms of the statute of conviction" pursuant to a "straightforward reading of the Guidelines") (quoting *United States v. Herrera-Roldan,* 414 F.3d 1238, 1240–44 (10th Cir. 2005)). In sum, these decisions' persuasive reasoning supports the result reached here that the element of intent must be pled or proven for a drug-possession conviction to constitute a "drug trafficking offense" under § 2L1.2.

### III.

In the end, as the Fifth, Sixth, Ninth, and Tenth Circuits have expressly held and as the Fourth Circuit has held by implication, it is inappropriate to "read into an offense an element that is not in the prior statute of conviction, nor admitted to by the defendant, nor found beyond a reasonable doubt by a jury." *Montanez,* 442 F.3d at 493–94. Thus, it was appropriate to apply in this case an eight-level enhancement for an "aggravated felony" pursuant to § 2L1.2(b)(1)(B), rather than a sixteen-level enhancement for a "drug trafficking offense" pursuant to § 2L1.2(b)(1)(A), and the sentence imposed correctly reflected this conclusion.

An appropriate Order has issued.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

Alexandria, Virginia
May 22, 2012

_____
T. S. Ellis, III
United States District Judge